1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
8                                DISTRICT OF NEVADA
9                                      * * *
10    MARCELL WILLIAMS,                          Case No. 3:16-cv-00193-MMD-WGC
11                              Plaintiff,                      ORDER
12        v.
      RENEE BAKER et al.,
13
                              Defendants.
14

15          This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by

16    a state prisoner. On September 30, 2016, the Court issued an order dismissing the

17    complaint with leave to amend and directed Plaintiff to file an amended complaint within

18    thirty (30) days. (ECF No. 5 at 8). The thirty-day period has now expired, and Plaintiff has

19    not filed an amended complaint or otherwise responded to the Court's order.

20          District courts have the inherent power to control their dockets and "[i]n the

21    exercise of that power, they may impose sanctions including, where appropriate . . .

22    dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

23    (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

24    to prosecute an action, failure to obey a court order, or failure to comply with local rules.

25    *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

26    with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal

27    for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

28    F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring

1    *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833

2    F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson*

3    *v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and

4    failure to comply with local rules).

5        In determining whether to dismiss an action for lack of prosecution, failure to obey

6    a court order, or failure to comply with local rules, the court must consider several factors:

7    (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

8    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

9    disposition of cases on their merits; and (5) the availability of less drastic alternatives.

10    *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

11    *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

12        In the instant case, the Court finds that the first two factors, the public's interest in

13    expeditiously resolving this litigation and the Court's interest in managing the docket,

14    weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs

15    in favor of dismissal, since a presumption of injury arises from the occurrence of

16    unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See*

17    *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor — public policy

18    favoring disposition of cases on their merits — is greatly outweighed by the factors in

19    favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to

20    obey the court's order will result in dismissal satisfies the "consideration of alternatives"

21    requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d

22    at 1424. The Court's order requiring Plaintiff to file an amended complaint within thirty

23    (30) days expressly stated: "It is further ordered that if Plaintiff chooses not to file an

24    amended complaint curing the stated deficiencies of the complaint, this action will be

25    dismissed without prejudice." (ECF No. 5 at 8.)  Thus, Plaintiff had adequate warning that

26    dismissal would result from his noncompliance with the Court's order to file an amended

27    complaint within thirty (30) days.

28    ///

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's September 30, 2016, order.

It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the Clerk of Court enter judgment accordingly.

DATED THIS 8th day of November 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE